**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-30208 |
| Plaintiff - Appellee, | D.C. No. 1:13-cr-00030-BLW-1 |
| v. | |
| PAUL EDWARD PARNELL, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted March 10, 2016
Portland, Oregon

Before: FISHER, BERZON and WATFORD, Circuit Judges.

For the reasons stated in a concurrently filed opinion, we vacate Parnell's

sentence and remand for resentencing.  As relevant here, we find no error in the

district court's decision denying Parnell's motion to suppress the evidence seized

from his residence pursuant to a search warrant issued on the strength of an

---

 * This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

affidavit furnished by Detective Matthew Gonzales. We therefore affirm Parnell's conviction.

First, the district court did not clearly err in finding that none of the alleged misstatements or omissions were intentionally or recklessly made. *See United States v. Elliott*, 322 F.3d 710, 714 (9th Cir. 2003). Second, reviewing de novo, we hold the district court did not err in concluding the alleged misstatements and omissions were immaterial to the state magistrate judge's determination of probable cause. *See id.* Although the detective's affidavit was based solely on the tips of two informants, those tips were sufficiently reliable because they were based on the informants' personal observations and independently corroborated one another. *See United States v. Bishop*, 264 F.3d 919, 924-25 (9th Cir. 2001); *cf. United States v. Alvarez*, 358 F.3d 1194, 1203 (9th Cir. 2004) ("Even if the reliability of a confidential source is not clearly established, the credibility of the statement is 'enhanced' when the statement gives a detailed account of events that is corroborated by the statements of other confidential informants."). Both informants also made admissions against their penal interests. *See Bishop*, 264 F.3d at 925. Viewed cumulatively, the alleged misstatements and omissions would not have fatally undermined the informants' credibility or otherwise caused the magistrate judge to conclude there was no fair probability that evidence of

methamphetamine crimes would be found at Parnell's home.  Finally, Parnell's contention the investigating officers "laundered the information for the search warrant" by having Detective Gonzales prepare the affidavit is not supported by the record.

**AFFIRMED IN PART; VACATED IN PART; REMANDED.**

3